UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SOLDAN,

    Plaintiff,                             Case No. 19-cv-12227

v.                    UNITED STATES DISTRICT COURT
                                 JUDGE
WILLIAM R. ROBINSON,      GERSHWIN A. DRAIN

    Defendant.

_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

Michigan prisoner Richard Soldan ("Plaintiff"), currently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff's complaint alleges that his parole agent, William R. Robinson ("Defendant"), made false statements against him, coerced a witness to testify against him, and engaged in other misdeeds relative to his 2017 parole revocation proceedings in retaliation for Plaintiff threatening legal action over a GPS tether issue. Plaintiff sues the Defendant in his official and individual capacities and seeks declaratory and injunctive relief, as well as monetary damages. The Court has granted Plaintiff leave to proceed

without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Having reviewed the complaint, the Court now dismisses it for failure to state a claim upon which relief may be granted under § 1983.

## II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed.

R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

In this case, Plaintiff fails to state a claim upon which relief may be granted in his complaint. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a prisoner challenging a condition of imprisonment. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Since Plaintiff contests a parole revocation decision, however, he actually seeks habeas relief because such claims concern the validity of his confinement. Ruling on such claims would necessarily imply the invalidity of the parole revocation decision and his current imprisonment. Such claims are not properly brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

The United States Supreme Court has affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The *Heck* doctrine applies to claims challenging state parole revocation proceedings. *See Noel v. Grzesiak*. 96 F. App'x 353, 354 (6th Cir. 2004) (citing *Crow, infra*); *Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003); *accord Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (same).

In this case, the allegations in Plaintiff's complaint go to the validity of the evidence against Plaintiff at his parole hearing and the propriety of the parole revocation decision itself such that ruling in his favor would necessarily demonstrate the invalidity of his incarceration. Such a claim is barred by *Heck*. Because Plaintiff's challenge to his parole revocation would necessarily imply the impropriety of his confinement, and since that decision has not been overturned or

otherwise declared invalid, his civil rights complaint contesting that decision must be dismissed.

### III. Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES** the civil rights complaint. Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: August 19, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
August 19, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager